Filed 10/6/16  P. v. Sanders CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DONALD SANDERS,<br><br>    Defendant and Appellant. | B271461<br><br>(Los Angeles County<br>Super. Ct. No. TA081670) |

APPEAL from a judgment of the Superior Court of Los Angeles County, John T. Doyle, Judge.  Affirmed.

Juliana Drous, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

While self-represented, Donald Sanders filed a post-judgment motion for resentencing. The trial court denied Sanders's motion, and he appealed. Appointed counsel filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Sanders filed a supplemental brief. We affirm the judgment.

**FACTS**

*Background*

In March 2007, a jury convicted Sanders of two counts of attempted murder with findings that he personally discharged a firearm causing great bodily injury. (Pen. Code, §§ 664 & 187, subd. (a); 12022.53, subds. (b), (c), (d))[1] and two counts of assault with a firearm with findings that he personally inflicted great bodily injury. (§§ 245, subd. (a)(2); 12022.7, subd. (a).) In March 2008, the trial court imposed a sentence of 64 years to life. (*People v. Sanders* (2010) 189 Cal.App.4th 543.)

On appeal, we affirmed Sanders's judgment in "all . . . respects," except to the extent it imposed a consecutive, determinate, full midterm of seven years on his second attempted murder conviction. (*People v. Sanders, supra,* 189 Cal.App.4th at p. 561.) We remanded the case to the trial court "with directions to impose one-third the midterm for this offense." (*Ibid.*)

In May 2011, following issuance of the remittitur, the trial court prepared a nunc pro tunc order sentencing Sanders to a total term of "59 years and 4 months to life," computed as follows: on count 1 (attempted murder) a determinate midterm of 7 years, plus 25 years to life for the firearm use enhancement; on count 2 (attempted murder) a determinate term of 2 years and 4 months (1/3 the midterm), plus 25 years to life for the firearm use enhancement; and on count 3 (assault with a firearm) and count 4 (assault with a firearm) the court imposed and stayed terms pursuant to section 654.

In March 2016, nearly five years after the trial court's post-appeal sentencing order, Sanders was self represented and filed a motion for resentencing. Sanders contended that, pursuant to section 12022.53, subdivision (e), even though he personally

---

[1] All further undesignated section references are to the Penal Code.

used a firearm in the commission of the attempted murder counts, he can only be subject to the 25-year-to-life gun enhancement under section 12022.53, subdivision (d), if the prosecution pleaded and proved he violated both that section and section 186.22.

The trial court denied Sanders's motion and he filed a timely notice of appeal.

## DISCUSSION

We appointed counsel to represent Sanders on appeal. Appointed counsel filed an opening brief pursuant to *Wende, supra,* 25 Cal.3d 436, requesting independent review of the record on appeal for arguable issues. We then notified Sanders by letter that he could submit any claim, argument or issues that he wished our court to review. Sanders filed a supplemental brief which we now address.

Sanders contends the trial court's order denying his motion for resentencing must be reversed because the order does not include the court's stated reasons for denying the motion. Sanders argues the lack of stated reasons constitutes a denial of his due process rights because he is "unable to argue and/or clarify with certainty" why the court denied his motion. Sanders cites California Constitution, article VI, section 14 (hereafter section 14), and *Lewis v. Superior Court* (1999) 19 Cal.4th 1232 (*Lewis*) in support of his due process claim. Sanders had not shown error.

By its plain language, section 14 is not applicable to trial court orders. Section 14 reads:

> "The Legislature shall provide for the prompt publication of such opinions of the Supreme Court and courts of appeal as the Supreme Court deems appropriate, and those opinions shall be available for publication by any person. [¶] Decisions of the Supreme Court and courts of appeal that determine causes shall be in writing with reasons stated."

Sanders's reliance on *Lewis* in support of his due process claim is also misplaced. In *Lewis*, the Supreme Court held that an appellate court does not have to hear argument from the parties before it issues a peremptory writ of mandate or prohibition. (*Lewis, supra*, 19 Cal.4th at p. 1237.) In reaching this conclusion, the Supreme Court reviewed the governing writ statutes and concluded that they did not mandate a hearing with oral

argument because peremptory writs may only be issued in very limited circumstances to correct obvious errors. (*Ibid*.) Because peremptory writs may issue only in such limited circumstances, argument is "unnecessary in this context" to assure the parties' rights are protected, and "would amount to an empty gesture." (*Id*. at pp. 1258-1259.) The *Lewis* case is applicable only in the peremptory writ context; it is not helpful to Sanders.

Next, Sanders contends he received ineffective assistance of appellate counsel because his appointed appellate counsel did not argue that he can only be subject to the 25-year-to-life gun enhancement under section 12022.53, subdivision (d), if the prosecution pleaded and proved he violated both that section and section 186.22, pursuant to section 12022.53, subdivision (e). We disagree.

To establish a claim of ineffective assistance of counsel, a defendant must show (1) representation that fell below an objective standard of reasonableness in the light of prevailing professional norms, and (2) a reasonable probability that, but for counsel's failings, the result would have been more favorable. (See, e.g., *In re Harris* (1993) 5 Cal.4th 813, 832-833; and see also *Strickland v. Washington* (1984) 466 U.S. 668, 687-688.) "Similar concepts have been used to measure the performance of appellate counsel. [Citations.]" (*In re Harris, supra*, 5 Cal.4th at p. 833.)

Sanders' claim of ineffective assistance of counsel on appeal fails because he has not shown his claims have merit. His claim regarding the applicability of section 12022.53, subdivision (e), to his case is incorrect because the prosecution alleged and proved that he personally used a firearm in the commission of the attempted murders. Section 12022.53, subdivision (e), applies when a case involves a "principal" who used a firearm in the commission of a crime, not when, as in Sanders's case, a defendant is charged with having personally used a firearm.

While Sanders is correct that a section 12022.53, subdivision (d), enhancement must be in conjunction with a substantive crime, this does not undermine his sentence. The crime to which the section 12022.53, subdivision (d), enhancement is tethered in Sanders's case is attempted murder, a crime specifically enumerated in section 12022.53, subdivision (a).

4

**DISPOSITION**

We have independently reviewed the record on appeal, and find that appointed counsel has fulfilled his duty, and that no arguable issues exist.  (*Wende, supra,* 25 Cal.3d 436, *People v. Kelly* (2006) 40 Cal.4th 106.)

                                                                                    BIGELOW, P.J.

We concur:


                        RUBIN, J.


                        FLIER, J.

5